United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN JIMENEZ, | No. C-13-2883 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| UNITED STATES POSTAL SERVICE, *et al.*, | **(Docket No. 10)** |
| Defendants. | |
| _____/ | |

## I. INTRODUCTION

Plaintiff Jonathan Jimenez filed the instant suit against the United States, the United States Postal Service (the "USPS"), and a number of Doe Defendants pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, and the Postal Reorganization Act, 39 U.S.C. §§ 101 *et seq.* (Dkt. No. 1). Plaintiff alleges negligence against Defendants for injuries he sustained when a vehicle driven by a USPS employee collided with the vehicle in which Plaintiff was a passenger. Pending before the Court is the United States' motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim.[1] (Dkt. No. 10).

## II. FACTUAL & PROCEDURAL BACKGROUND

On June 5, 2010, Plaintiff alleges he sustained physical injuries when a USPS vehicle operated by a USPS employee collided with the vehicle in which Plaintiff was a passenger. (Complaint ("Compl."), Preliminary Statement). Plaintiff alleges that the motor vehicle accident

---

[1] The Court is only considering dismissal based on lack of subject matter jurisdiction claim as the Government failed to raise any Rule 12(b)(6) failure to state a claim arguments on this motion.

was caused by the negligence of the USPS employee driver while in the course of her employment with the USPS. (Compl. ¶ 7). Plaintiff claims he satisfied the notice requirement of the FTCA when his girlfriend, who was the driver of the vehicle in which Plaintiff was a passenger, gave notice of her FTCA property damage claim to the USPS on or about July 28, 2010. (Dkt. No. 15).

However, the first communication the USPS received from, or on behalf of, Plaintiff in connection with the June 5, 2010 incident was a representation letter from Plaintiff's counsel dated March 1, 2012. (Beatty Decl. ¶ 6; Def.'s Mot. Ex. A).[2] In response, the USPS provided Plaintiff's counsel with the Standard Form 95 ("SF-95"). (Beatty Decl. ¶ 7; Ex. B). Plaintiff's counsel returned the SF-95 by mailing it from Eureka, California to USPS claims personnel in San Francisco on June 4, 2012. (Beatty Decl. ¶ 8; Ex. D). This was the day before the FTCA's two year statute of limitations expired on Plaintiff's claim. The USPS did not receive the SF-95 until June 6, 2012 – the day after the two year statute had run. (Beatty Decl. ¶ 9; Ex. E). USPS claims personnel date stamped the SF-95 on June 7, 2012. (Beatty Decl. ¶ 8; Ex. D). Because Plaintiff did not file his claim with the USPS within two years of the accrual of his claim (June 5, 2010), the USPS denied Plaintiff's claim on January 28, 2013. (Beatty Decl. ¶ 10; Ex. F).

On June 21, 2013, Plaintiff filed suit pursuant to 28 U.S.C. § 1346(b)(1) and 39 U.S.C. § 409, alleging negligence of the USPS employee while acting within the scope of her employment. (Dkt. No. 1). On August 22, 2013, the United States moved to dismiss Plaintiff's complaint arguing that (1) Plaintiff improperly sued the USPS and Doe Defendants; and (2) Plaintiff's complaint should be dismissed for Plaintiff's failure to timely exhaust his administrative remedies prior to filing suit as required by 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b). (Dkt. No. 10). In response to United States' motion, on September 5, 2013, Plaintiff filed his opposition. (Dkt. No. 15). Plaintiff concedes that the USPS and Doe Defendants are not properly named defendants, but argues that the remainder of the United States' motion should be denied because (1) according to the California state law and common law mail box rule, Plaintiff timely presented his administrative claim to the USPS in compliance with 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b); and (2) even if

---

[2] Plaintiff does not contend the letter satisfied the claims presentation requirement. The letter does not satisfy the requirements of 28 U.S.C. § 2675.

1 Plaintiff failed to timely present his claim, this failure should be excused under the doctrine of
2 excusable neglect.

### III. DISCUSSION

A. Rule 12(b)(1):  Standard of Review for a Motion to Dismiss

A defendant may move for a dismissal based on a lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction [i.e., plaintiff] has the burden of proving all jurisdictional facts. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In effect, the court should presume lack of jurisdiction until the plaintiff proves otherwise. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In resolving a "speaking motion" or "factual attack" under Rule 12(b)(1), the court is not limited to the allegations in the pleadings if the jurisdictional issue is separable from the merits of the case. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Instead, the court may view evidence outside the record, *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983), and "[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

B. Dismissal Is Required As Plaintiff Has Failed to Comply with the FTCA's Exhaustion Requirement.

In the motion to dismiss Plaintiff's complaint, the United States argues that Plaintiff failed to properly present his claim to the USPS and thus failed to comply with the FTCA's exhaustion of administrative remedies requirement. (Def.'s Mot. at 5-7).

The FTCA allows a tort claimant to sue the United States in federal court only after the claimant exhausts his administrative remedies with the federal agency that is responsible for the injury. *See Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983); *Caton v. United States*,

1  495 F.2d 635, 638 (9th Cir. 1974).  Congress provided a two-year statute of limitations for FTCA
2  claims in 28 U.S.C. § 2401(b),[3] and prescribed the following two requirements for a claimant to
3  exhaust his administrative remedies in 28 U.S.C. § 2675(a).[4]  First, the claimant must properly
4  present his injury claim to the federal agency whose employee's negligence caused the alleged
5  injury ("presentment").  *See id.* § 2675(a).  Second, the claimant must receive a final denial of his
6  claim from that federal agency ("final denial").  *See id.*

7  The presentment requirement of 28 U.S.C. § 2675(a) is satisfied when a federal agency
8  "*receives* an executed Standard Form 95 or other written notification of an incident, accompanied by
9  a claim for money damages in a sum certain."  28 C.F.R. § 14.2(a) (emphasis added).  *See also* 39
10 C.F.R. § 912.5 ("[A] claim shall be deemed to have been presented when the U.S. Postal Service
11 *receives* . . . an executed Standard Form 95, . . . accompanied by a claim for money damages in a
12 sum certain . . . .") (emphasis added).  In *Bailey v. United States*, 642 F.2d 344 (9th Cir. 1981),  the
13 Ninth Circuit stated that it was not accepting "appellants' invitation to rewrite the [FTCA] and in
14 effect repeal the regulation by holding that mailing alone is sufficient to meet the requirement that a
15 claim be 'presented.'"  *Id.* at 347.  This is consistent with the holdings of a number of other circuits,
16 as well.  *See, e.g.*, *Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009) (rejecting the
17 mailbox rule and holding that a plaintiff must demonstrate that the federal agency was in actual
18 receipt of the claim); *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (upholding
19 dismissal where "the 'request for administrative remedy' was not received by the Federal Bureau of
20 Prisons"); *Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) ("[T]he district court was quite
21 right to hold that mailing is not presenting; there must be receipt.").

---

[3] 28 U.S.C. § 2401(b) provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

[4] 28 U.S.C. § 2675(a) provides that "an action *shall not be instituted* upon a claim against the United States for money damages for . . . injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless* the claimant shall have *first presented* the claim to the appropriate Federal agency *and* his claim shall have been *finally denied* by the agency . . . ." (emphasis added).

4

1    The FTCA's exhaustion requirement – both the presentment and final denial elements – goes
2 to the subject matter jurisdiction of this Court. *See, e.g.*, *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248,
3 1250 (9th Cir. 2006) ("We have repeatedly held that the exhaustion requirement is jurisdictional in
4 nature and must be interpreted strictly . . . ."); *Wiseman v. United States*, 976 F.2d 604, 605 (9th Cir.
5 1992) ("Presenting an FTCA claim to the appropriate governmental agency and having it denied is a
6 jurisdictional prerequisite to filing a claim in the district court."). Where a plaintiff has failed to
7 comply with this requirement, dismissal is required. *See, e.g.*, *Buchanan v. United States*, No. C 10-
8 00092 WHA, 2010 WL 690202 (N.D. Cal. Feb. 23, 2010).

9    Here, the record clearly demonstrates that the USPS did not receive Plaintiff's SF-95 until
10 the day *after* the two-year statute of limitations ran; it was received on June 6, 2012, one day after
11 the two year statute of limitations ran on June 5, 2012. This fact requires dismissal. *See Napier v.*
12 *United States*, No. 1:12-cv-01266 AWI DLB, 2013 WL 592911, at *4 (E.D. Cal. Feb. 14, 2013)
13 (dismissing an FTCA suit with prejudice where the claim was received one day late).

14    Nevertheless, Plaintiff argues that this Court should apply the common law mailbox rule and
15 find that the USPS received Plaintiff's claim when he *mailed* the SF-95 one day before the two year
16 statute of limitations expired. (Pl.'s Opp. at 10). However, as detailed above, almost every circuit –
17 including the Ninth Circuit – has held that mailing is insufficient to satisfy the presentment
18 requirement. *See also Vacek*, 447 F.3d at 1252 (rejecting application of the mailbox rule and stating
19 "it cannot be strict construction of the waiver [of sovereign immunity contained in the FTCA] to
20 read the word 'received' as actually meaning 'mailed.'").

21    Plaintiff additionally argues that the delayed presentment of Plaintiff's claim should be
22 excused as it was caused by counsel's "excusable neglect." (Pl.'s Opp. at 11). In essence, Plaintiff
23 is requesting that this Court extend the FTCA's two year statute of limitations—and, by extension,
24 the United States' waiver of sovereign immunity. The Court cannot do so. The Supreme Court has
25 expressly recognized that because the FTCA waives the immunity of the United States, "in
26 construing the statute of limitations, which is a condition of that waiver, we should not take it upon
27 ourselves to extend the waiver beyond that which Congress intended." *United States v. Kubrick*,
28 444 U.S. 111, 117-18 (1979). Similarly, the Ninth Circuit has held that "because § 2401(b) is

jurisdictional, we must refrain from using equitable estoppel or equitable tolling to excuse Plaintiff's untimeliness. To save Plaintiff's suit using an equitable doctrine would impinge on Congress' role as regulator of the jurisdiction of the federal courts." *Marley v. United States*, 567 F.3d 1030, 1037 (9th Cir. 2008). While the result in this case appears harsh, it is required by the jurisdictional nature of the FTCA's statute of limitation, and this Court cannot "stretch and distort the statute and the regulation to rescue [Plaintiff's] counsel from [his] own carelessness." *Bailey*, 642 F.2d at 347; *see also Steele v. United States*, 390 F. Supp. 1109, 1112 (S.D. Cal. 1975) ("That a plaintiff may wait until the last minute . . . before presenting his administrative claim to the appropriate federal agency is a decision made by that plaintiff. But the risk of dismissal is one which such a plaintiff assumes when a decision is made to wait until the last minute."). Hence, the doctrines of equitable estoppel and tolling do not apply. *See Marley*, 567 F.3d at 1032.

Because the USPS did not *receive* Plaintiff's claim within the two-year statutory period mandated by the FTCA, Plaintiff's claim was not properly presented to the USPS. As a result, this Court lacks subject matter jurisdiction to hear Plaintiff's case, and the United States' motion to dismiss is **GRANTED** with prejudice.

C.     Performance of Plaintiff's Counsel

This Court is troubled by the performance of Plaintiff's counsel, Mr. James A. Zito, in this litigation. Mr. Zito was retained by Plaintiff on February 29, 2012 (Def.'s Mot. Ex. A) – three months before the statute of limitations expired. Nonetheless, Mr. Zito waited until the day before the expiration of the FTCA's two-year statute of limitations to send in the SF-95.[5] Having made this decision to wait until the last minute, Mr. Zito opted to send the SF-95 via regular mail, with no expedited treatment. Finally, Mr. Zito made no effort to contact USPS claims personnel to see if it was possible to arrange for any alternative method of presentment. Because of these failures, Plaintiff is now foreclosed from having a federal court adjudicate his claim.

At the hearing, Mr. Zito placed the blame for his failure to comply with the FTCA's statute of limitations on the USPS. He argued that because the USPS lists a post office box as its address

---

[5] The SF-95 is a rather straightforward form asking, generally, for the basis of the claim, the nature of the injury, the contact information for any witnesses, the amount of the claim, and the insurance information of the claimant. *See* http://www.gsa.gov/portal/forms/download/116418.

for sending claims, the claim was rendered untimely and there is a chance USPS personnel engaged in "gamesmanship." He further notes in his opposition to the motion to dismiss that he is a "one-attorney office with a sizeable file and litigated caseload" and that he "relied on the mail box rule." (Pl.'s Opp. at 11). These excuses are frivolous. Clear, binding circuit precedent clearly foreclosed application of the mailbox rule. Further, had Mr. Zito mailed the form one or two days earlier, or had he utilized an expedited service, Plaintiff's claim would have survived this motion to dismiss. In other words, for the reasons stated above, "[i]t would have taken minimal effort on the part of" Mr. Zito to ensure that the SF-95 was received before the deadline. *Vacek*, 447 F.3d at 1252.

The Court also notes that this is not the first time a client of Mr. Zito's has had an FTCA action dismissed for failure to comply with the exhaustion requirement. *See Nelson v. United States*, No. C-06-04976, 2006 WL 3193372, at *2 (N.D. Cal. Nov. 3, 2006) (stating that "[t]hough it may be inconvenient for Plaintiff to comply with the statutory requirements of the FTCA, he must do so in order to proceed with his [medical] malpractice claims in federal court"); *Turley v. Barrera*, No. C 06-05291 SI, 2006 WL 3190672 (N.D. Cal. Nov. 2, 2006). Additionally, Mr. Zito has previously attempted to excuse failures on his solo practitioner status and busy case load. *See De Haven v. Superior Ct.*, No. B154989, 2003 WL 21978630, at *2 (Cal. Ct. App. Aug. 20, 2003) (recognizing that Mr. Zito and/or his client had been sanctioned approximately $2200 for failing to comply with discovery orders and that Mr. Zito had explained his failure to appear at a hearing by asserting "I am a sole practitioner and because of the press of business I overlooked the date").

The Court finds that Mr. Zito's performance in this action may have fallen below the standard of competence expected of a member of the Northern District of California bar. This Court **ORDERS** Mr. Zito to serve a copy of this decision, in its entirety, on his client by certified mail. Within ten (10) days of this order, Mr. Zito shall file a declaration, made under the penalty of perjury, in which he confirms compliance with this order and attaches a copy of the certified mail receipt. *See Lee v. Cook County, Ill.*, 635 F.3d 969, 974 (7th Cir. 2011) (ordering counsel to send copies of an opinion to his clients "so that they may consider whether to file malpractice suits against him").

Further, Mr. Zito is **ORDERED** to **SHOW CAUSE** why this Court should not refer him to the Standing Committee on Professional Conduct for investigation and any appropriate disciplinary action pursuant to Civ. L.R. 11-6(a)(1).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**, and Plaintiff's Complaint is hereby dismissed with prejudice.

Mr. Zito is **ORDERED** to serve a copy of this decision, in its entirety on Mr. Jimenez by certified mail. Within 10 days of this order, Mr. Zito shall file a declaration under penalty of perjury confirming compliance and attaching a copy of the certified mail receipt.

Mr. Zito is **ORDERED** to **SHOW CAUSE** why he should not be referred to the Standing Committee on Professional Conduct.

This order disposes of Docket No. 10. The Clerk of Court is directed to enter judgment and close the file in this case.

IT IS SO ORDERED.

Dated: October 7, 2013

_____
EDWARD M. CHEN
United States District Judge